**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BARRY L. THOMAS, | ) | CASE NO. 5:14 CV 1372 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEPHEN REISCH, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Barry L. Thomas filed this action under 42 U.S.C. § 1983 against his former defense attorney Stephen Reisch, Canton Police Detective Victor George, Stark County Court of Common Pleas Judge John Haas, and Belmont Correctional Institution Warden Michelle Miller. In the Complaint, Plaintiff appears to contest his 2010 conviction on charges of felonious assault. He seeks "habeas corpus interlocutory damages" and monetary "compensation for damages involving his status, life, liberty, property and pursuit of happiness and demands restoration thereof." (ECF No. 1 at 15).

**I.    Background**

Plaintiff's Complaint contains no factual allegations and is composed entirely of incomprehensible legal rhetoric. It appears he was convicted of one count of felonious assault in the Stark County Court of Common Pleas on November 15, 2010. *See State v. Thomas*, No. 2010 CA336, 2011 WL 3863311 (Ohio App. 5 Dist. Aug. 29, 2011). The charges stemmed from

Plaintiff's assault of a female companion on August 22, 2010. *Id.* Canton Police Detective Victor George interviewed Plaintiff about the incident. *Id.* Plaintiff was indicted by the Stark County grand jury on September 27, 2010 and Stephen Reisch was appointed to represent him. *Id.* Judge John Haas presided over the case. *Id.* Plaintiff was found guilty by a jury on November 15, 2010 and was sentenced to five years in prison. His conviction was upheld on appeal. *Id.*

Plaintiff has now filed this civil rights action under 42 U.S.C. § 1983. He asserts nine counts for relief. In his first count, he claims Judge Haas and attorney Reisch deceived him by misapplying statutes, rules and ordinances "by having him believe that he was subject to their City-Charter Municipal unconstitutional Admiralty/Maritime court jurisdiction, caused unnecessary deployment of the general jurisdictions corporate-official tortfeasors and contributors' to deceive a Sovereign People... ." (ECF No. 1 at 5). His second count states Judge Haas and attorney Reisch assumed jurisdiction and "both corporate court officers, doing business as, in trade, as brokers or creditors in a court of equity did intentionally, willfully, wantonly, negligently and recklessly by misapplication and misrepresentation of their ordinances, statutes, rules and codes of their private compact contract constitution, Plaintiff is neither a signatory of nor a party to." (ECF No. 1 at 6). Count three is indistinguishable from count two. Count four asserts that Judge Haas and attorney Reisch misapplied and misrepresented corporate statutes, rules, codes regulation and ordinances "by having him believe he was subject to a discriminatory grand jury, City Charter Municipal County Court's jurisdiction admiralty/ maritime courts to extract the revenue out of [him] under a deceptive decree from a filing of a bill, by using [him] as collateral by the grand jury's indictment,

-2-

although the grand jury's functions operate wholly outside of American territories... ." (ECF No. 1 at 8). In count five, Plaintiff alleges Judge Haas and attorney Reisch acted as brokers and creditors and alienated him from a republic form of government. In count six he contends Judge Haas committed treason against the United States Constitution, "trespassed against a people an [sic] heir and assumed creator of the union of the United States government... ." (ECF No. 1 at 11). For count seven, plaintiff alleges that Judge Haas and attorney Reisch acting as brokers and creditors caused civil disorder and Warden Michelle Miller "colluded with malice under the (DRC) contractor with knowledge as tort-feasors or contributors as to RICO acts, caused a deliberate indifference to Plaintiff.

Counts eight and nine are stated against Warden Miller and pertain to conditions of confinement in the Belmont Correctional Institution. He contends inmates at the institution are denied adequate clothing. He states they are issued only three new pairs of pants each year and claims the material is too thin for winter. He alleges that the boots have no arch support. He indicates the facility is overcrowded exposing him to "discrimination of certain selective inmate costs, depriving him of a relationship with family, participation in fundraising, proper hygiene, litigation funds for materials and to be equal among his inmate peers." (ECF No. 1 at 13-14).

**II.      Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.    Analysis

#### A. Challenges to a Conviction in a Civil Rights Action

As an initial matter, it appears Plaintiff is challenging his 2010 conviction. He seeks habeas corpus relief. To obtain habeas relief, in the form of vacating his conviction or sentence, his sole remedy is to file a Petition for a Writ of Habeas Corpus and fulfill all of the requirements for relief under 28 U.S.C. § 2254, including exhaustion of state court remedies and time limitations. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus.

-4-

Furthermore, to the extent Plaintiff seeks monetary damages, he cannot obtain relief in a civil rights action if his claims call into question the validity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence.

In this case, if the Court were to find favor with Plaintiff's legal rhetoric, his claims would call the validity of his conviction into question. To proceed with these claims for damages, Plaintiff must also allege that his conviction was already set aside on direct appeal or by a federal writ of habeas corpus. His conviction was affirmed on direct appeal and he does not allege he was granted habeas relief. *See State v. Thomas*, No. 2010 CA336, 2011 WL 3863311 (Ohio App. 5 Dist. Aug. 29, 2011). He therefore cannot bring claims in a § 1983 action to challenge his conviction.

**B. Parties**

Moreover, even if Plaintiff's claims against Judge Haas and attorney Reisch were cognizable in a § 1983 action, neither of these parties is subject to suit under § 1983. To

establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Stephen Reisch is a defense attorney. Public defenders and defense attorneys are private parties, not state actors against whom claims can be asserted under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998).

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). The only assertions in the Complaint against attorney Reisch pertain to Plaintiff's criminal case. Plaintiff does not provide any indication that Reisch obtained significant aid from the state or exercised powers traditionally reserved by the state. Stephen Reisch is not subject to suit in this § 1983 action.

Judge Haas is absolutely immune from suit. Judicial officers have absolutely immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to

damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff's claims are incoherent and appear attack his conviction. Criminal cases are within the subject matter jurisdiction of the Stark County Court of Common Pleas, and Plaintiff gives no indication that he interacted with Judge Haas in any capacity other than his judicial one. Judge Haas is entitled to absolute immunity from damages.

Furthermore, Plaintiff has not stated any cause of action against Officer George. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Because Plaintiff does not mention Officer George in the body of the Complaint, he fails to state a claim upon which relief may be granted against this Defendant.

### C. Statute of Limitations

In addition, the statute of limitations for civil rights claims under § 1983 expired with respect to any claims pertaining to Plaintiff's arrest or conviction. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing*

*Authority*, 55 F. 3d 1097 (6th Cir. 1995). Plaintiff was arrested and convicted in 2010. This action was filed in 2014, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

The Court notes that the statute of limitations is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. FED.R.CIV.P. 8(c)(1). If, however, it is clear from the face of the Complaint that relief is barred, the claims may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In this case, it is apparent on the face of the Complaint that the statute of limitations has expired for his claims challenging his conviction. They are dismissed as time-barred.

### D. Failure to Meet Basic Pleading Requirements of Rule 8.

Finally, Plaintiff's claims fail allege sufficient information to satisfy basic notice pleading requirements of Federal Civil Procedure Rule 8. Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions. *Iqbal*, 556 U.S. at 678; *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must give the defendants fair notice of what the Plaintiff's claim is and the grounds upon which it rests. *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint consists entirely of legal rhetoric with very few factual allegations. It is difficult to discern any viable legal cause of action from the pleading and even more difficult to determine a factual basis for those claims. His claims against Judge Haas, Stephen Reisch, and Officer George are particularly ill-defined

and the Court is unable to find any cause of action stated in the Complaint. These claims fail to meet the basic pleading requirements of Rule 8.

### E. Eighth Amendment

Plaintiff also asserts claims against Warden Miller pertaining to the conditions of confinement at the Belmont Correctional Institution. These claims can be construed as arising under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.*  Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8..  Routine discomforts of prison life do not suffice. *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.  A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence. *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff's allegations fail to satisfy the objective criteria of an Eighth Amendment claim.  He contends inmates are only give three new pairs of pants per year and the material of those pants is too thin to be comfortable in winter.  He states his boots are uncomfortable and do not provide arch support.  He states the prison is overcrowded.  While Plaintiff attempts to link these conditions to health concerns by suggesting he is more susceptible to colds, flu, and body rashes, he does not allege facts to suggest they pose serious risks to his health or safety.  He failed to state a claim for relief under the Eighth Amendment.

**IV.    Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court

-10-

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: November 25, 2014                 /S/John R. Adams
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE